UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-82051-SMITH/MATTHEWMAN

MATTHEW HAYDEN,

    Plaintiff/Counter-Defendant,

v.

STEVEN F. URVAN,

    Defendant/Counter-Plaintiff.

v.

SEA PURITY, LLC,
a Wyoming limited liability company,
and BREW FIRST, INC.,
a Wyoming corporation,

    Third-Party Defendants.
_____/

FILED BY KJZ D.C.

Nov 22, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

# ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT/COUNTER-PLAINTIFF STEVEN F. URVAN'S MOTION FOR DISCOVERY SANCTIONS, OR, IN THE ALTERNATIVE, LEAVE TO SUPPLEMENT [DE 139]

**THIS CAUSE** is before the Court upon Defendant/Counter-Plaintiff Steven F. Urvan's ("Defendant") Motion for Discovery Sanctions or, in the Alternative, Leave to Supplement Motion for Summary Judgment, Statement of Facts, and Responses to Hayden's/Brew First's Joint Motion for Summary Judgment and Statement of Facts ("Motion") [DE 139]. Plaintiff/Counter-Defendant Matthew Hayden ("Plaintiff") has filed a Response [DE 164], and Defendant has filed a Reply

1

[DE 171].[1] The Court held a hearing on the Motion via Zoom video teleconference (VTC), on November 17, 2022.

## I. BACKGROUND

Previously, on October 10, 2022, Defendant filed a "Motion for Clarification of Court Order and to Enforce Court Order, Against Plaintiff Matthew Hayden or, in the Alternative, for Sanctions Pursuant to Rule 37(b)(2)(A)(i) and 37(b)(2)(c)" ("Motion for Clarification or Sanctions") [DE 109]. On October 14, 2022, the Court then entered an Order Granting in Part and Denying in Part Motion for Clarification of Court Order and to Enforce Court Order, or, in the Alternative, for Sanctions ("Clarification Order") [DE 114]. The Court assumes the parties' familiarity with this case and adopts and incorporates the procedural history contained within the Clarification Order.

In the Court's Clarification Order, the Court stated that, "[w]ith respect to the Court's requirement that Plaintiff Hayden produce 'all non-privileged documents regarding transactions in which Hayden solicited, procured the sale of, sold, or participated in the solicitation, procurement, or sale of securities, during the time period of January 1, 2017, through October 18, 2021,'"[2] the term "'transactions' includes more than actually completed transactions. . . . The use of the word 'solicitation' implicates instances in which Plaintiff attempted to induce others to purchase securities but was not successful." [DE 114 at 8–9]. Accordingly, to the extent there had been any confusion over "transactions" and discovery production in connection therewith, the

---

[1] Defendant also filed sealed, unredacted Exhibits Under Seal in Support of Motion for Discovery Sanctions [DE 169], available in redacted form at DE 170.
[2] These documents shall hereinafter be referred to as the Solicitation Documents.

2

Court ordered Plaintiff to "supplement his response to include these additional documents and [to] produce all responsive additional documents to Defendant" on or before October 17, 2022. *Id.* at 9.

Further, within the Court's Clarification Order, as to the Court's "requirement that Plaintiff Hayden 'produce all documents showing, establishing, or evidencing compensation he received for raising capital, providing advice, or acting as a broker, during the time period of January 1, 2017, through October 18, 2021,'"[3] the Court noted that its ruling with respect to these Compensation Documents was clear and unambiguous, and that Plaintiff failed to timely comply. *Id.* Thus, the Court also gave Plaintiff until October 17, 2022 to produce the Compensation Documents.

> Thereafter, the Court stated:
>
> In light of Plaintiff's production of certain documents that it apparently agrees should have been produced earlier, and in light of Plaintiff's reading of the definition of "transaction" to ignore the "solicitation" aspect of the Court-ordered production, the Court finds that sanctions and/or fee shifting may be appropriate against Plaintiff and its counsel pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv) and 37(a)(5)(A) due to the Court's granting herein of Defendant's Motion [DE 109]. The Court will reserve jurisdiction to award Defendant his expenses and attorney's fees, and will enter a further order in this regard as deemed necessary and appropriate a later date and time. As part of that later order, the Court will provide Plaintiff and its counsel a further opportunity to respond as to the sanctions and cost shifting issue.

*Id.* at 9–10. And, while the Court noted that fee shifting under Rule 37(a)(3)(B)(iv) and 37(a)(5)(A) may be appropriate, the Court found that "the more serious sanctions sought under Rule 37(b) are inappropriate <u>at this juncture on this record</u>." *Id.* at 10. However, the Court also stated that,

---

[3] These documents shall hereinafter be referred to as the Compensation Documents.

3

"depending upon whether or not Plaintiff fully and timely complies with this Order, further, more serious sanctions may be considered if timely raised before the Court." *Id.*

Utilizing this language as a basis for essentially renewing its earlier alternative request for sanctions, on October 28, 2022, Defendant filed the instant Motion. The Court set a briefing schedule on the Motion, noting that Plaintiff's response would constitute the "further opportunity to respond as to the sanctions and cost shifting issue" referenced in the Court's October 14, 2022 Clarification Order. [DE 143]. Plaintiff timely filed a Response, and Defendant timely filed a Reply.

## II. MOTION, RESPONSE, AND REPLY

A. <u>Defendant Urvan's Motion [DE 139]</u>

In Defendant's Motion, Defendant requests that the Court:

> order the following facts be taken as established for the purposes of this case: (i) relative to the GunBroker Transaction, Hayden was an unregistered "broker" as that term is defined in Section 3(a)(4) of the Securities Exchange Act of 1934 and unregistered "dealer" as that term is defined in Fla. Stat. 517.021(6)(a) and an unregistered "associated person" as defined in Florida Administrative Code Rule 69W-200.001(6)(a); (ii) relative to the Brew First Transaction, Hayden was an unregistered "dealer" as that term is defined in Fla. Stat. 517.021(6)(a); (iii) Hayden's activities exceed those within the range of activities described as those of a "M&A Broker" in the 2014 No-Action Letter that Hayden relies upon and a "merger and acquisition broker" as that term is defined under Florida Statute 517.12(22)(a)(4), or any other state statute adopting the language of the No-Action Letter; and (iv) Hayden's activities exceed those within the range of activities to which a claimed registration exemption applies.

[DE 139 at 17]. Defendant also requests that the Court:

> prohibit Hayden from supporting or attempting to support his purported defenses or arguments that Hayden (i) was supposedly "exempt" from registration as a broker as it relates to the GunBroker Transaction and the Brew First Transaction and (ii) was supposedly "exempt" from registration based on compliance with the

4

> No-Action Letter or any statutes adopting its language as it relates to the GunBroker Transaction and the Brew First Transaction.

*Id.* at 17–18. Moreover, Defendant states that he is entitled to "reasonable expenses pursuant to Rule 37(a) and 37(d)(3)" which include expenses associated with obtaining the Court's September 16, 2022 Order, the Court's October 14, 2022 Clarification Order, and with obtaining the instant Order. *Id.* at 18.

As an alternative sanctions request, Defendant contends that he should "be permitted to supplement his Omnibus Motion for Summary Judgment and Statement of Material Facts," believing that "a supplementation of five (5) pages on the legal memorandum and five (5) pages of additional facts should suffice." *Id.* Prior to those supplemental summary judgment submissions, Defendant states that he "should be permitted to re-open the depositions of [Plaintiff] and [Plaintiff's] expert witness, Charles Bennett, with costs to be borne by [Plaintiff], so [Defendant] can properly question both individuals regarding the newly discovered information." *Id.* Finally, as part of that same alternative sanctions request, Defendant also states that he "should be entitled to address [the additional] discovery as part of a supplementation of [Defendant's] Daubert Motion to exclude any testimony of [Plaintiff's] expert[,] Charles Bennett, Esq." *Id.*

The gist of Defendant's request for sanctions is that Plaintiff's production of the Solicitation and Compensation Documents on the eve of the dispositive motion deadline revealed a number of responsive documents that should have been produced earlier, even accounting for Plaintiff's misinterpretation of "transactions." Defendant also takes issue with a number of documents within the recent production and the extent to which they purportedly differ from Plaintiff's earlier discovery responses. And, Defendant references Plaintiff's August 2022

5

deposition testimony, which Defendant maintains is also at odds with Plaintiff's earlier discovery responses.

B. Plaintiff Hayden's Response [DE 164]

In Plaintiff's Response, Plaintiff notes Defendant Urvan's motion is "more akin to a motion for reconsideration" of the Court's October 14, 2022 Clarification Order, in which the Court denied Defendant's request for sanctions under Rule 37(b). [DE 164 at 3]. Regardless, Plaintiff argues that he "timely and fully complied with the Court's Order on Clarification by producing all documents responsive to over 100 proposed search terms from [Defendant's] counsel, and additionally, in good faith, [by] providing documents generated from more narrow search terms that [Plaintiff] believed would be more targeted [to] the ESI responsive to the Order on Clarification." *Id.* at 3–4 (emphasis omitted). Plaintiff additionally argues that Defendant's Motion "is both untimely and noncompliant with the Local Rules and this Court's Order Setting Discovery Procedures [DE 17], as [Defendant's] counsel failed to adequately confer with [Plaintiff's] counsel regarding the discovery dispute at hand and did not even raise part of the arguments in the Motion until the Motion itself was filed, months after [Defendant's] counsel had reason to believe the discovery dispute existed." *Id.* at 4.

With respect to his explanation for the recently produced documents appearing at odds with his earlier discovery responses, Plaintiff states that he "never received transaction-based compensation or commissions exclusively for rendering investment advice or soliciting investments." *Id.* at 5. In this regard, Plaintiff states that the earlier discovery requests are "materially different" from the "broader Request for Production Number 31" (from which the Court eventually ordered production of the Solicitation and Compensation Documents). *Id.*

6

As to the timeliness of the Motion, Plaintiff notes that "[d]espite evidently believing on August 8, 2022 that [Plaintiff] had 'qualified' his responses related to [Defendant's] discovery requests regarding compensation [Plaintiff] allegedly received for soliciting investments[,] . . . [Defendant] inexplicably delayed in raising this issue immediately with [Plaintiff's] counsel (or the Court)." *Id.* at 8 (emphasis omitted). Thereafter, regarding conferral, Plaintiff explains that his initial production of the Compensation Documents was based on an understanding that "the only documents responsive to the Court's order would be the advisory agreements that [Defendant's] counsel previously sought in their meet and confer session." *Id.* at 9. Moreover, Plaintiff also explains that his initial production of the Solicitation Documents was based upon a good-faith interpretation stemming from the context of the briefing on Defendant's renewed motion. *Id.* However, in any event, Plaintiff emphasizes that he "agreed to produce the remaining responsive Compensation Documents" *before* Defendant filed his Motion for Clarification or Sanctions. *Id.* at 11. And, within an hour of the Court's October 14, 2022 Clarification Order being filed, Plaintiff states that he "engaged an ESI vendor to ensure the anticipated high volume of production could be made of all documents responsive to the more than 100 broad search terms that [Defendant] had proposed." *Id.* at 12.

Simply stated, while Plaintiff acknowledges that he and his counsel "may have been imperfect in their quest to locate every single responsive document," Plaintiff argues that Rule 37(b) sanctions and Rule 37(a) expenses are not warranted.

C. Defendant Urvan's Reply [DE 171]

In reply, Defendant contends that Plaintiff "attempts to hide behind the 'volume of data'" and "refuses to acknowledge his duty to supplement and that counsel owes a 'duty to oversee their

7

client's collection of information and documents,' and advise of any 'incomplete or incorrect' discovery responses in a 'timely manner.'" [DE 171 at 3]. According to Defendant, the time to engage an ESI vendor was when Defendant initially brought Plaintiff's purported self-collection issues to the Court's attention—not "within an hour of the Order on Clarification." *Id.* at 5.

Thereafter, Defendant again references Plaintiff's August 2022 deposition and testimony that was allegedly contrary to Plaintiff's initial discovery responses. Defendant also takes issue with Plaintiff continuing to represent that he has never received compensation "exclusively" for soliciting investments, despite what some of the recently produced emails appear to demonstrate. *Id.* at 7. Further, Defendant references the belated production of Compensation Documents. By way of example, Defendant references Illusio Imaging. *Id.* Despite Plaintiff testifying at a deposition that he "assisted" Illusio and "did receive equity from Illusio," Defendant contends that it was not until production of the belated Compensation Documents that several directly relevant email documents were produced showing that Defendant was paid a $100,000 finder's fee. *Id.* at 8. And, in this regard, Defendant states that he has "still not received any compensation records showing cash or shares payments to [Plaintiff] for his capital raising services performed for Illusio." *Id.* Defendant also notes that a spreadsheet evidencing Plaintiff's receipt of $3,900,000 in connection with 50 solicited investors was produced but notes that no related compensation documents were produced. *Id.* at 9. Defendant alleges that this is also the case with documents pertaining to Brew First, Inc. and other companies. *Id.* at 9–11.

### III.  ANALYSIS & RULING

1. Rule 37(b) Sanctions

Under Federal Rule of Civil Procedure 37, if a party fails to comply with a discovery order, then the Court may impose the following sanctions:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

District courts possess wide discretion over the discovery process and when discovery sanctions are appropriate; however, "a district court may only impose a severe sanction, such as dismissal of an action, when it has been established that the offending party's failure to comply with its discovery obligations is due to the party's willfulness, bad faith, or fault." *Kendall Lakes Towers Condo. Ass'n v. Pac. Ins. Co.*, No. 10–24310–CIV, 2011 WL 6190160, at *4 (S.D. Fla. Dec. 2, 2011). The severe sanctions permitted by Rule 37(b) are usually only imposed by district courts upon a finding "(1) that the party's failure to comply with the order was willful or a result of bad faith, (2) the party seeking sanctions was prejudiced by the violation, and (3) a lesser sanction would fail to adequately punish and be inadequate to ensure compliance with court orders." *Id.* at *5; *Taylor v. Bradshaw et al.*, No. 11-80911-CIV-Marra/Matthewman, 2015 WL 11256306, at *3 (S.D. Fla. Apr. 8, 2015) *report and recommendation adopted as modified*, No.

9

11-80911-CIV, 2015 WL 11254712 (S.D. Fla. May 11, 2015), *aff'd sub nom. Taylor v. Bradshaw et al.*, No. 15-15027, 2018 WL 3414344 (11th Cir. July 13, 2018).

The Court has carefully considered the relevant law, Defendant's Motion, Plaintiff's Response, Defendant's Reply, as well the entire docket in this case. In doing so, the Court finds that Rule 37(b) sanctions are inappropriate. While Defendant repeatedly takes issue with Plaintiff's previous discovery responses and the purported discrepancies between those responses and the documents produced by Plaintiff on the eve of the dispositive motion deadline, the Court notes that Plaintiff's status as a broker and compensation in connection therewith is hotly contested and fact specific. In this regard, the Court finds that either the parties' summary judgment papers or trial are more appropriate avenues for any determination as to Plaintiff's status as a broker—not a motion for sanctions. Indeed, as noted by Defendant at the November 17, 2022 Zoom VTC hearing, Defendant's request that certain facts be taken as established (for example, that Plaintiff was an unregistered broker whose actions exceeded the scope of permissible exemptions) would be case dispositive. The Court declines to impose case dispositive sanctions, particularly where the parties currently have competing motions for summary judgment and where the Court finds no willful failure to produce discovery or bad faith misconduct on behalf of Plaintiff or Plaintiff's counsel.

However, there is little doubt that Plaintiff's production of substantial discovery on the eve of the dispositive motion cutoff deadline has prejudiced Defendant because Defendant could not incorporate any relevant documents from that discovery in his papers regarding summary judgment. Nonetheless, the Court finds that this prejudice is easily remedied by allowing some additional time to Defendant to supplement his summary judgment papers. Accordingly, the Court

will **GRANT** Defendant's alternative request to supplement his Omnibus Motion for Summary Judgment [DE 117] and Statement of Material Facts [DEs 121, 122, 123, 124, 125, 126, and 136].

Additionally, although not stated at the November 17, 2022 Zoom VTC hearing nor addressed by Defendant at the hearing, upon due consideration, the Court will also allow Defendant to supplement his "Daubert Motion to exclude any testimony of [Plaintiff's] expert Charles Bennett, Esq," as Defendant raised such request in his Motion. [DE 139 at 18]. And further, although requested briefly only in the first paragraph of Defendant's Motion—but not referenced in the alternative sanctions portion of the Motion or at the November 17, 2022 hearing—the Court will also allow Defendant to supplement his Response to Plaintiff and Brew First, Inc.'s Motion for Summary Judgment [DE 146] and to supplement his Response to Joint Statement of Undisputed Material Facts Related to Counterclaims and Third-Party Claims [DE 145].

But the Court does not find that allowing additional depositions of Plaintiff or his expert witness, Charles Bennett, Esq., is appropriate. This is because fact discovery and expert discovery closed long ago in this case on September 20, 2022, and October 6, 2022, respectively. [DEs 80, 101]. The Court will not allow this discovery dispute to further delay this case. Moreover, the Court does not see any need for further depositions. If Plaintiff's recent discovery production is truly as devastating to Plaintiff's case as Defendant argues, then Defendant should have no trouble utilizing Plaintiff's recent production to seek to obtain summary judgment, or to impeach Plaintiff at trial.

Accordingly, on or before **November 29, 2022**, Defendant may file a 5-page supplement to his Omnibus Motion for Summary Judgment [DE 117], a 5-page supplement to his Statement

of Material Facts [DEs 121, 122, 123, 124, 125, 126, and 136], a 5-page supplement to his *Daubert* Moton to Exclude Opinions of Charles Bennett, Esq. [DE 116], a 5-page supplement to his Response to Plaintiff and Brew First, Inc.'s Motion for Summary Judgment [DE 146], and a 5-page supplement to his Response to Joint Statement of Undisputed Material Facts Related to Counterclaims and Third-Party Claims [DE 145]. Assuming Defendant does so, on or before **December 7, 2022**, Plaintiff shall then respond or reply to those supplemental filings, utilizing the same page constraints as identified immediately above. Thereafter, on or before **December 12, 2022**, any requisite reply to the responses to those supplemental filings shall be filed utilizing this same 5-page limit.[4] In this way, any prejudice to Plaintiff is cured and this matter can be decided on the merits as this Court always prefers. The Court advises the parties that in light of the March 13, 2023 trial date, no extensions or continuances of these dates shall be considered absent the most compelling and extraordinary circumstances.

    2. Rule 37(a) Expenses

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, or if the disclosure or requested discovery is provided after the discovery motion was filed, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P.

---

[4] The Court notes that the 5-page supplementation shall pertain only to materials from the recently produced discovery. Such supplementation shall not constitute an alternative way around the page limits contained within the Court's Order Granting in Part Joint Motion Permitting Parties to File Omnibus Motions for Summary Judgment, Responses, and Replies [DE 115]. To the extent practicable, the parties shall utilize their best efforts to comply with the page limitations included as part of that Order.

37(a)(5)(A). However, the Court must not order such payment if: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

Here, Defendant requests Rule 37(a) expenses in connection with the Court's September 16, 2022 Order Granting Defendant's Renewed Motion ("September 16, 2022 Order"), the Court's October 14, 2022 Clarification Order, and Defendant's Motion [DE 139] and the instant Order.[5] First, with respect to the Court's September 16, 2022 Order, while the Court granted Defendant's Renewed Motion at that time, the Court finds that an award of expenses would be unjust, as there was a good faith dispute as to the proportionality and scope of discovery surrounding Plaintiff's status as a broker. Second, with respect to the Court's October 14, 2022 Clarification Order, it does appear that Defendant filed the motion "before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i). Indeed, Defendant has not refuted Plaintiff's contention that Plaintiff offered to jointly file a Motion for Clarification. Moreover, Defendant has not refuted Plaintiff's contention that Plaintiff agreed to provide the additional remaining Compensation Documents *before* Defendant filed its Motion for Clarification or Sanctions [DE 109]. Thus, to the extent the Court previously stated that "sanctions and/or fee shifting may be appropriate against Plaintiff and its counsel pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv) and 37(a)(5)(A) due to the Court's granting herein of Defendant's

---

[5] Defendant also requests expenses under Rule 37(d)(3). [DE 139 at 18]. Rule 37(d) concerns a party's failure to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection. Therefore, the Court finds that Rule 37(d) is inapplicable.

Motion [DE 109]," the Court finds that such sanctions and/or free shifting are in fact *not* appropriate.

And finally, with respect to expenses in connection with the instant Motion and Order, Defendant has also not refuted Plaintiff's assertion that Defendant failed to adequately confer. While the Court considers Defendant's Motion "outside the purview of the Order Setting Discovery Procedure" [DE 143], pursuant to Local Rule 7.1(a)(3), Defendant was still required to confer in good faith to resolve the issues raised in the Motion. A brief email requesting an update on whether Plaintiff intended to oppose the Motion does not satisfy this good faith conferral requirement—especially in light of Plaintiff's assertion that Defendant's email exchange did not even address Plaintiff's "responses to RFPs 39–43 and interrogatories 9, 10, and 14, that were part of [Defendant's] Motion for Sanctions." [DE 164 at 13]. It appears to the Court that counsel have been talking past each other in this case which has led to the several discovery disputes, and that conferral on all sides has been less than robust. Consequently, the Court finds that Defendant is not entitled to Rule 37(a) expenses.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendant's Motion [DE 139] is **GRANTED IN PART AND DENIED IN PART**, as stated herein. Specifically:

1. Defendant's Motion is **DENIED** to the extent that Defendant requests Rule 37(b) sanctions. However, Defendant's Motion is **GRANTED** to the extent that he requests certain alternative relief. Accordingly, on or before **November 29, 2022**, Defendant may file a 5-page supplement to his Omnibus Motion for Summary Judgment [DE 117], a 5-page supplement to his Statement of Material Facts [DEs

14

121, 122, 123, 124, 125, 126, and 136], and a 5-page supplement to his *Daubert* Moton to Exclude Opinions of Charles Bennett, Esq. [DE 116], a 5-page supplement to his Response to Plaintiff and Brew First, Inc.'s Motion for Summary Judgment [DE 146], and a 5-page supplement to his Response to Joint Statement of Undisputed Material Facts Related to Counterclaims and Third-Party Claims [DE 145]. Assuming Defendant does so, on or before **December 7, 2022**, Plaintiff shall then respond or reply to those supplemental filings, utilizing the same page constraints as identified immediately above. Thereafter, on or before **December 12, 2022**, any requisite reply to the responses to those supplemental filings shall be filed utilizing this same 5-page limit. As noted above, in light of the upcoming March 13, 2023 trial date, no request for an extension or continuance of any of these deadlines will be considered absent the most compelling and extraordinary circumstances.

2. Further, Defendant's Motion is **DENIED** to the extent that Defendant requests Rule 37(a) expenses in connection with the Court's September 16, 2022 Order Granting Defendant's Renewed Motion, the Court's October 14, 2022 Clarification Order, and/or Defendant's Motion [DE 139] and the instant Order.

3. Discovery in this case is **CLOSED**. Should there remain any outstanding Compensation Documents or any other outstanding discovery, the Court directs Plaintiff to produce such discovery forthwith as the Court orally stated at the hearing.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 22nd day of November, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge